**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| ROMA CONCRETE CORP., <br><br> v. <br><br> PENSION ASSOCIATES | CIVIL ACTION <br><br> NO. 19-1123 |
| --- | --- |

## MEMORANDUM RE: MOTION TO DISMISS

Baylson, J.                                                      August 6, 2019

### I.    Introduction

Plaintiff, Roma Concrete Corporation ("Roma"), alleges that Defendant, Pension Associates, is liable for failing to lawfully fulfill its role as the Third Party Administrator and actuary for Roma's Defined Benefit Plan ("DB Plan"). Roma's Amended Complaint arises from Defendant's alleged material misrepresentations and calculation errors in reports and accountings involving the DB Plan, which allegedly caused a shortfall in benefits in excess of $400,000. (ECF 10, "Am. Compl." ¶¶ 22–23, 27.) The Amended Complaint alleges three Counts: (1) professional negligence; (2) breach of contract; and (3) breach of fiduciary duty.

Presently before this Court is Defendant's Motion to Dismiss all Counts of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, the Motion to Dismiss is DENIED.

### II.    Factual Background and Procedural History

The Court provided a detailed summary of the factual allegations in its Opinion granting Defendant's Motion to Dismiss the original Complaint without prejudice, and with leave to amend.

(ECF 8, "June 3 Opinion" at 1–3.)[1]  As the Amended Complaint does not set forth any new factual allegations, the Court does not repeat the factual background here.

Roma and Robert D. Scarduzio ("Scarduzio"), one of Roma's owners, filed the original Complaint in this case on October 10, 2018 (ECF 1, Notice of Removal Ex. A).  Defendant filed a Notice of Removal in this Court on March 18, 2019, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) (ECF 1).

On March 28, 2019, Defendant filed a Motion to Dismiss the original Complaint under Rule 12(b)(6) (ECF 3).  The Motion to Dismiss contended that Scarduzio's claims of professional negligence, breach of contract, and breach of fiduciary duty–Counts I, II, and III–were preempted by the Employee Retirement Income Security Act of 1974 ("ERISA").  (Id. at 9–12.)  Roma and Scarduzio filed a Response to the Motion on April 25, 2019 (ECF 7).  The Court agreed with Defendant that Scarduzio's claims were preempted by ERISA and granted the Motion "without prejudice, and with leave to amend to bring Scarduzio's claims exclusively under ERISA."  (June 3 Opinion at 15.)  As "Defendant d[id] not argue that Roma's claims in the same Counts [were] preempted[,]" "the Court d[id] not reach any conclusions on the issue of preemption as to Roma's claims."  (Id. at 5, 15.)

On June 12, 2019, Roma filed an Amended Complaint (ECF 10).  Rather than amend the Complaint to bring Scarduzio's claims under ERISA, Roma removed Scarduzio as a named Plaintiff and alleged the same Counts only on behalf of Roma.  Defendant filed the instant Motion to Dismiss all Counts of the Amended Complaint on June 26, 2019 (ECF 11, "Mot.").  Defendant argues that the claims are preempted by ERISA, just as Defendant argued in the Motion to Dismiss

---

[1] The June 3 Opinion is available at <u>Roma Concrete Corp. v. Pension Assocs.</u>, No. 19-1123, ---
F. Supp. 3d ----, 2019 WL 2343640 (E.D. Pa. June 3, 2019) (Baylson, J.).

"the identical state law claims of Robert Scarduzio" in the original Complaint. (Id. at 2 n.1.) Roma filed a Response in opposition on July 9, 2019 (ECF 12, "Resp."), arguing that the Motion to Dismiss must be denied pursuant to Federal Rule of Civil Procedure 12(g)(2), and that, alternatively, Roma's claims are not preempted by ERISA. (Id. at 6–10.) Defendant filed a Reply in support of the Motion on July 19, 2019 (ECF 13, "Rep."). The Reply contends that Rule 12(g)(2) does not preclude the Motion to Dismiss because judges in this District have permitted successive Rule 12(b)(6) motions. (Id. at 2.) Defendant also reiterates that Roma's claims are preempted by ERISA, referencing the June 3 Opinion in support. (Id. at 2–5.)

### III.    Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), the Court "accept[s] all factual allegations as true [and] construe[s] the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

The Court in Iqbal explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Iqbal, 556 U.S. at 678, 684. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555); see also Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (citing Twombly, 550 U.S. at 556 n.3) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the

claim rests.").  Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

## IV.    Discussion

As discussed above, Defendant moves to dismiss all three Counts of the Amended Complaint under Rule 12(b)(6) on the grounds that these claims are preempted by ERISA.  (Mot. at 5–7; Rep. at 3–5.)  Roma contends that the Motion is procedurally barred by Rule 12(g)(2) because Defendant raises arguments that could have been asserted in the prior Motion to Dismiss. (Resp. at 6–7.)  The Court agrees with Roma and concludes that the Motion must be denied pursuant to Rule 12(g)(2).

### A.    Federal Rule of Civil Procedure 12(g)(2)

Rule 12(g)(2) imposes the following restrictions on filing successive motions to dismiss under Rule 12(b)(6): "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under [Rule 12] must not make another motion under [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier motion."  Fed. R. Civ. P. 12(g)(2).  A Rule 12(b)(6) motion to dismiss does not fall within the Rule 12(h)(2) or (3) exceptions.  See Leyse v. Bank of Am. Nat'l Ass'n, 804 F.3d 316, 320–21 (3d Cir. 2015) (noting that motions to dismiss under Rule 12(b)(6) "plainly" do not fall within the Rule 12(h)(2) exception, and that Rule 12(h)(3) covers motions to dismiss under Rule 12(b)(1), not motions under Rule 12(b)(6)).

Known as the "consolidation rule," Rule 12(g)(2) "is intended 'to eliminate unnecessary delay at the pleading stage' by encouraging 'the presentation of an omnibus pre-answer motion in which the defendant advances every available Rule 12 defense' simultaneously rather than 'interposing these defenses and objections in a piecemeal fashion.'"  Id. at 320 (citation omitted).

This "procedural bar . . . covers all motions to dismiss for failure to state a claim, regardless of the grounds asserted."   Id. at 321–22 (holding that the district court erred in considering the defendant's successive motion to dismiss because the defendant could have easily included its statutory standing argument in the original motion, which raised a collateral estoppel challenge). The Third Circuit has stated that "[a] district court's decision to consider a successive Rule 12(b)(6) motion to dismiss is usually harmless, even if it technically violates Rule 12(g)(2)."  Id. at 321.  That said, the Third Circuit has encouraged "stringent application of Rule 12(g)(2)" and has "emphasize[d] that district courts should enforce Rule 12(g)(2) even if their failure to do so is not a ground for reversal."  Id. at 322 n.5.

### B. Application

Here, Roma argues that Defendant's Motion is procedurally barred by Rule 12(g)(2) because Defendant could have challenged Roma's claims in its first Motion to Dismiss.  (Resp. at 6–7.)  Defendant, without citing any precedential judicial authority, contends that because judges in this District have considered successive Rule 12(b)(6) motions, this Court may address Defendant's arguments that Roma's claims, "just like Mr. Scarduzio's claims," are preempted by ERISA.  (Rep. at 2–3.)

As Defendant notes, there has been a "split[]" between judges in this District regarding "how to handle a serial Rule 12(b)(6) motion that raises a failure to state a claim objection that was available to the defendant but omitted from an earlier 12(b)(6) motion." (Rep. at 2) (quoting Knopick v. UBS Fin. Servs., Inc., 121 F. Supp. 3d 444, 455 n.10 (E.D. Pa. 2015) (Pappert, J.) (quoting Negron v. Sch. Dist. of Phila., 994 F. Supp. 2d 663, 666 (E.D. Pa. 2014) (Yohn, J.))). However, Defendant fails to recognize that the district court decisions that Defendant cites reflecting this "split" preceded the Third Circuit's precedential opinion in Leyse.  In Leyse, the

Third Circuit held that the district court's consideration of a successive Rule 12(b)(6) motion was error–albeit, harmless error–because the motion was procedurally barred by Rule 12(g)(2).  See Leyse, 804 F.3d at 321–22.  The Court is not aware of any precedential judicial decisions suggesting that this Court may consider a successive Rule 12(b)(6) motion that asserts challenges that could have been included in a prior Rule 12(b)(6) motion.

While judges in this District have concluded that Rule 12(g)(2) does not apply where a plaintiff files an amended complaint containing new factual allegations, that is not the case here. See Kroger Co. v. New Enter. Stone & Lime Co., No. 17-cv-01541, 2018 WL 4615955, at *2 n.12 (E.D. Pa. Sept. 25, 2018) (Rufe, J.) ("[W]hen a plaintiff's amended complaint contains new factual averments, Rule 12(g)(2) does not apply and defendants are entitled to challenge with another Rule 12(b)(6) motion."); but see Sourovelis v. City of Phila., 246 F. Supp. 3d 1058, 1076 (E.D. Pa. 2017) (Robreno, J.) ("[F]iling an amended complaint does not affect Rule 12(g)'s prohibition against successive motions to dismiss.").  Here, the Amended Complaint does not allege any new facts or claims.  Rather, the Amended Complaint contains the same "verbatim allegations" as the original Complaint and "identical claims." (See Mot. at 7 n.3.)

Accordingly, the Court concludes that Rule 12(g)(2) procedurally bars Defendant's successive Motion to Dismiss because Defendant could have easily argued that ERISA preempted both Scarduzio and Roma's claims in the prior Motion.  In fact, Defendant cites many of the same cases in the instant Motion as in the first Motion, and Defendant contends that this Court's rationale in granting the first Motion to Dismiss "the identical claims asserted by Robert Scarduzio . . . applies here."  (Id.)  Therefore, Defendant's Motion to Dismiss will be denied.

## V.	Conclusion

Defendant's Motion to Dismiss will be denied.

An appropriate Order follows.

O:\CIVIL 19\19-1123 Roma Concrete Corp v Pension\19cv1123 Memo re MTD 08062019.docx